FLORENCE T. NAKAKUNI  2286
United States Attorney
District of Hawaii

IGNACIA S. MORENO, Assistant Attorney General
SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON, Assistant Chief
BRIDGET KENNEDY McNEIL, Trial Attorney
RICKEY D. TURNER Jr., Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
999 18th Street, Suite 370 - South Terrace
Denver, CO 80202
Ph: (303) 844-1373

Attorneys for Federal Defendants

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF HAWAII

| | |
|---|---|
| KAHEA and FOOD & WATER WATCH, INC.<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE; MICHAEL D. TOSATTO, in his official capacity as Regional Administrator of the National Marine Fisheries Service, Pacific Islands Regional Office; ERIC C. SCHWAAB, in his official capacity as Assistant Administrator of the National Marine Fisheries Service; and GARY LOCKE, in his official capacity as Secretary of Commerce,<br><br>Defendants. | CASE NO. 1:11-cv-474-SOM-KSC<br><br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Federal Defendants United States Department of Commerce, National Marine Fisheries Service ("NMFS"), and Acting Secretary Rebecca Blank (collectively "Federal Defendants"),[1] by and through their undersigned counsel, answer Kahea's and Food & Water Watch, Inc.'s ("FWW"), (collectively "Plaintiffs") August 02, 2011 Complaint as follows:

1. Federal Defendants admit the allegation in paragraph 1 that the NMFS Pacific Islands Regional Office (hereinafter "PIRO"), issued a one-year Special Coral Reef Ecosystem Fishing Permit (hereinafter "Permit") to Kona Blue Water Farms ("KBWF") on July 6, 2011, authorizing KBWF to stock, culture, and harvest up to 2,000 Amberjack (*Seriola rivoliana),* a management unit species, using CuPod gear, in the U.S. Exclusive Economic Zone west of the Island of Hawaii and pursuant to federal regulations found in 50 C.F.R. § 665.224. The remaining allegations in paragraph 1 purport to characterize the Permit issued to KBWF, which speaks for itself and is the best evidence of its content. Any allegations contrary to the Permit's plain language, meaning, or context are denied.

2. The allegations in paragraph 2 consist of a characterization of Plaintiffs' action, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny that Plaintiffs are entitled to any of the relief requested, or to any relief whatsoever.

**JURISDICTION AND VENUE**

3. The allegations in paragraph 3 consist of conclusions of law and the nature of the action, to which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations in paragraph 4 consist of conclusions of law and the nature of the

---

[1] Rebecca Blank is the current Acting Secretary for the Department of Commerce and is automatically substituted for her predecessor pursuant to Fed. R. Civ. P. 25(d)(1).

<span class="footer">ANSWER     1     11-cv-474-SOM-KSC</span>

action, to which no response is required. To the extent a response is required, the allegations are denied.

5. The allegations in paragraph 5 consist of conclusions of law and the nature of the action, to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations in paragraph 6 consist of conclusions of law and the nature of the action, to which no response is required. To the extent a response is required, the allegations are denied.

## PARTIES

7. Federal Defendants lack sufficient information or belief to admit or deny the allegations in paragraph 7.

8. Federal Defendants lack sufficient information or belief to admit or deny the allegations in paragraph 8.

9. Federal Defendants admit the allegation in paragraph 9.

10. Federal Defendants admit the allegation in paragraph 10.

11. Federal Defendants admit the allegation in paragraph 11.

12. Federal Defendants deny the allegation in paragraph 12 that Gary L. Locke is the Secretary of Commerce but aver that Rebecca Blank is the Acting Secretary of Commerce. Federal Defendants admit the remaining allegations in paragraph 12.

13. Federal Defendants admit the allegations in paragraph 13 and aver that NMFS, in accordance with the National Environmental Policy Act ("NEPA"), prepared a Draft and Final Environmental Assessment ("EA") to evaluate the potential environmental impacts of issuing a Permit to KBWF for the harvest of a species managed under the Hawaii Coral Reef Fishery Ecosystem Plan ("Hawaii FEP") using gear not specifically authorized.

**ALLEGATIONS**

14. Federal Defendants admit the allegations in paragraph 14 and further aver that KBWF applied for a Permit to culture and harvest Amberjack – a species managed under the Hawaii FEP – using gear not specifically authorized.

15. The allegations in paragraph 15 purport to characterize KBWF's Permit application to culture and harvest using gear not specifically authorized, as described in PIRO's Draft EA for this project. The Permit and Draft EA speak for themselves and are the best evidence of their content. Any allegations contrary to the Permit's or Draft EA's plain language, meaning, or context are denied.

16. Federal Defendants admit the allegations in paragraph 16 that PIRO, by letter dated November 24, 2010, acknowledged receipt of KBWF's Permit application. The remaining allegations in paragraph 16 purport to characterize the November 24, 2010 letter. The letter speaks for itself and is the best evidence of its content. Any allegations contrary to the letter's plain language, meaning, or context are denied.

17. The allegations in paragraph 17 purport to characterize two emails from KBWF to the Federal Defendants dated February 3, 2011 and March 6, 2011. The emails between KBWF and the Federal Defendants speak for themselves and are the best evidence of their contents. Any allegations contrary to the emails' plain language, meaning, or context are denied.

18. Federal Defendants deny the allegations in the first sentence of paragraph 18. The remaining allegations in paragraph 18 purport to characterize staff notes which speak for themselves and are the best evidence of their contents. Any allegations contrary to the staff notes' plain language, meaning, or context are denied.

19. Federal Defendants admit the allegations in paragraph 19.

20. The allegations in paragraph 20 purport to characterize the Federal Defendants'

Draft EA prepared for KBWF's project and KBWF's Permit. The Draft EA and KBWF's Permit speaks for themselves and are the best evidence of their content. Any allegations contrary to the Draft EA's and Permit's plain language, meaning, or context are denied.

21. The allegations in paragraph 21 purport to characterize the Federal Defendants' Draft EA prepared for KBWF's project and KBWF's Permit. The Draft EA and KBWF's Permit speaks for themselves and are the best evidence of their content. Any allegations contrary to the Draft EA's and Permit's plain language, meaning, or context are denied.

22. The allegations in paragraph 22 purport to characterize the Draft EA. The Draft EA speaks for itself and is the best evidence of its content. Any allegations contrary to the Draft EA's plain language, meaning, or context are denied.

23. The allegations in paragraph 23 purport to characterize the Draft EA. The Draft EA speaks for itself and is the best evidence of its content. Any allegations contrary to the Draft EA's plain language, meaning, or context are denied.

24. Federal Defendants admit the allegations in paragraph 24.

25. The allegations in paragraph 25 purport to characterize a March 27, 2011 letter from FWW to PIRO providing comments on the Draft EA prepared for KBWF's Permit application. The letter speaks for itself and is the best evidence of its contents. Any allegations contrary to the letter's plain language, meaning, or context are denied.

26. The allegations in paragraph 26 purport to characterize a March 27, 2011 letter from FWW to PIRO providing comments on the Draft EA prepared for KBWF's permit application. The letter speaks for itself and is the best evidence of its contents. Any allegations contrary to the letter's plain language, meaning, or context are denied.

27. The allegations in paragraph 27 purport to characterize a March 27, 2011 letter from FWW to PIRO providing comments on the Draft EA prepared for KBWF's permit

1  application.  The letter speaks for itself and is the best evidence of its content.  Any allegations
2  contrary to the letter's plain language, meaning, or context are denied.

3     28.   The allegations in paragraph 28 purport to characterize a letter dated March 27,
4  2011 from FWW to PIRO providing comments on the Draft EA prepared for KBWF's permit
5  application.  The letter speaks for itself and is the best evidence of its content.  Any allegations
6  contrary to the letter's plain language, meaning, or context are denied.
7
8     29.   The allegations in paragraph 29 purport to characterize a letter dated March 27,
9  2011 from FWW to PIRO providing comments on the Draft EA prepared for KBWF's permit
10 application.  The letter speaks for itself and is the best evidence of its content.  Any allegations
11 contrary to the letter's plain language, meaning, or context are denied.
12
13    30.   The allegations in paragraph 30 purport to characterize additional letters dated
14 March 27, 2011 from FWW, KAHEA, and other organizations, providing comments on the Draft
15 EA for KBWF's permit application.  The letters speak for themselves and are the best evidence
16 of their content.  Any allegations contrary to the letters' plain language, meaning, or context are
17 denied.
18
     31.   Federal Defendants admit the allegations in the first sentence of paragraph 31 that
19
20 at the 151st Meeting of the Western Pacific Fishery Management Council ("WPFMC"), Council
21 Members discussed potential management options for offshore aquaculture.  Federal Defendants
22 deny the allegations in the second sentence of paragraph 31 but aver that the WPFMC distributed
23 a paper dated May 20, 2011 entitled Options for Limited Entry and Environmental Monitoring
24 for Offshore Aquaculture in the Western Pacific Region ("Options Paper").
25
     32.   Federal Defendants deny the allegation in paragraph 32 that the Options Paper
26
   was a proposed amendment to the Hawaii FEP.  The remaining allegations in paragraph 32
27
   purport to characterize the WPFMC Options Paper.  The Options Paper speaks for itself and is
28

the best evidence of its content. Any allegations contrary to the Option Paper's plain language, meaning, or context are denied.

33. Federal Defendants admit the allegation in the first sentence of paragraph 33 that the WPFMC received FWW's email on June 13, 2011 concerning aquaculture. The remaining allegations in paragraph 33 purport to characterize FWW's June 13, 2011 email. The email speaks for itself and is the best evidence of its content. Any allegations contrary to the email's plain language, meaning, or context are denied.

34. Federal Defendants admit the allegation in the first sentence of paragraph 34 that at the 151st Meeting of the WPFMC in June, 2011, Council Members distributed the Options Paper and discussed potential management options for offshore aquaculture, including limited entry, permitting, research, and environmental monitoring. Federal Defendants deny the remaining allegations in the first sentence of paragraph 34. Federal Defendants deny the allegations in the second sentence of paragraph 34 and aver that the Hawaii FEP characterizes aquaculture as a non-fishing activity for the limited purpose of assessing activities that could affect essential fish habitat.

35. Federal Defendants admit the allegation in the first sentence of paragraph 35 that NMFS finalized its EA and issued a Finding of No Significant Impact ("FONSI") on July 6, 2011, and approved KBWF's Permit on July 8, 2011. Federal Defendants deny the remaining allegations in the first sentence of paragraph 35. Federal Defendants admit the allegation of the second sentence of paragraph 35 that the EA and FONSI were posted on PIRO's website on or about July 12, 2011. Federal Defendants deny the remaining allegations in the second sentence of paragraph 35.

36. The allegations in the first and second sentences of paragraph 36 purport to characterize the Final EA. The Final EA speaks for itself and is the best evidence of its content.

Any allegations contrary to the Final EA's plain language, meaning, or context are denied. Federal Defendants admit the allegation in the third sentence that NMFS issued a Permit. Federal Defendants deny the remaining allegations in the third sentence of paragraph 36.

37. The allegations in paragraph 37 purport to characterize the Final EA. The Final EA speaks for itself and is the best evidence of its content. Any allegations contrary to the Final EA's plain language, meaning, or context are denied.

38. The allegations in the first sentence of paragraph 38 purport to characterize the Final EA. The Final EA speaks for itself and is the best evidence of its content. Any allegations contrary to the Final EA's plain language, meaning, or context are denied. The allegations in the second, third, and fourth sentences of paragraph 38 purport to characterize a *West Hawaii Today* news article. The news article speaks for itself and is the best evidence of its content. Any allegations contrary to the article's plain language, meaning, or context are denied.

39. The allegations in paragraph 39 purport to characterize the Final EA. The Final EA speaks for itself and is the best evidence of its content. Any allegations contrary to the Final EA's plain language, meaning, or context are denied.

40. The allegations in the first sentence of paragraph 40 purport to characterize the Final EA. The Final EA speaks for itself and is the best evidence of its content. Any allegations contrary to the Final EA's plain language, meaning, or context are denied. Federal Defendants deny the allegations in the second and third sentences of paragraph 40.

41. Federal Defendants deny the allegations in paragraph 41.

42. The allegations in the first sentence of paragraph 42 purport to characterize the Final EA. The Final EA speaks for itself and is the best evidence of its content. Any allegations contrary to the Final EA's plain language, meaning, or context are denied. Federal Defendants deny the allegations in the second sentence of paragraph 42.

43. The first and second sentences of paragraph 43 purport to characterize the Final EA. The Final EA speaks for itself and is the best evidence of its content. Any allegations contrary to the Final EA's plain language, meaning, or context are denied. Federal Defendants admit the quoted statements of NOAA spokeswoman Connie Barclay in the third and fourth sentences of paragraph 43 but deny the allegation that these quoted statements are inconsistent with the issuance of the Permit. Federal Defendants admit the allegation of the fifth sentence of paragraph 43 that the Hawaii FEP characterizes aquaculture as a non-fishing activity for the limited purpose of assessing activities that could affect essential fish habitat. Federal Defendants deny the implied allegation of the fifth sentence of paragraph 43 that the Hawaii FEP's characterization is inconsistent NMFS' authority to authorize the action under the Permit.

44. Federal Defendants admit the allegation in paragraph 44 that NMFS held a 10-day public comment period. The remaining allegations in paragraph 44 purport to characterize Hawaii FEP implementing regulations under 50 C.F.R. § 665.224. The regulations speak for themselves and are the best evidence of their content, therefore no response is required. Any allegations contrary to the regulations' plain language, meaning, or context are denied.

## STATUTORY BACKGROUND

45. The allegations in paragraph 45 purport to characterize the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"). The MSA speaks for itself and is the best evidence of its content. Any allegations contrary to the MSA's plain language, meaning, or context are denied.

46. The allegations in paragraph 46 purport to characterize the MSA. The MSA speaks for itself and is the best evidence of its content. Any allegations contrary to the MSA's plain language, meaning, or context are denied.

47. The allegations in paragraph 47 purport to characterize the MSA. The MSA

speaks for itself and is the best evidence of its content. Any allegations contrary to the MSA's plain language, meaning, or context are denied.

48. The allegations in paragraph 48 purport to characterize the MSA. The MSA speaks for itself and is the best evidence of its content. Any allegations contrary to the MSA's plain language, meaning, or context are denied.

49. The allegations in paragraph 49 (incorrectly identified as paragraph 44 of Plaintiffs' complaint) purport to characterize the MSA. The MSA speaks for itself and is the best evidence of its content. Any allegations contrary to the MSA's plain language, meaning, or context are denied.

50. The allegations in paragraph 50 (incorrectly identified as paragraph 45 of Plaintiffs' complaint) purport to characterize the MSA. The MSA speaks for itself and is the best evidence of its content. Any allegations contrary to the MSA's plain language, meaning, or context are denied.

51. Federal Defendants admit the allegations in the first sentence of paragraph 51 (incorrectly identified as paragraph 46 of Plaintiffs' complaint) and aver that the Hawaii FEP was approved in December 2009, and the associated final rule restructuring regulations into geographic subsections was published on January 14, 2010. 75 Fed. Reg. 2,198. The allegations in the second sentence of paragraph 51 purport to characterize the Hawaii FEP. The Hawaii FEP speaks for itself and is the best evidence of its content. Any allegations contrary to the Hawaii FEP's plain language, meaning, or context are denied.

52. The allegations in paragraph 52 (incorrectly identified as paragraph 47 in Plaintiffs' complaint) purport to characterize the Hawaii FEP's implementing regulations under 50 C.F.R. § 665.224. The regulations speak for themselves and are the best evidence of their content, therefore no response is required. Any allegations contrary to the regulations' plain

language, meaning, or context are denied.

53. Federal Defendants admit the allegation in paragraph 53 (incorrectly identified as paragraph 48 of Plaintiffs' Complaint) that aquaculture is categorized as a non-fishing activity under the Hawaii FEP for the limited purpose of assessing activities that could affect essential fish habitat. Federal Defendants deny the remaining allegations in paragraph 53.

54. The allegations in paragraph 54 (incorrectly identified as paragraph 49 of Plaintiffs' Complaint) purport to characterize the National Environmental Policy Act ("NEPA"). NEPA speaks for itself and is the best evidence of its content. Any allegations contrary to NEPA's plain language, meaning, or context are denied.

55. The allegations in paragraph 55 (incorrectly identified as paragraph 50 of Plaintiffs' Complaint) purport to characterize NOAA's NEPA policy as set forth in NOAA Administrative Order Series 216-6. NOAA's NEPA policy speaks for itself and is the best evidence of its content. Any allegations contrary to the policy's plain language, meaning, or context are denied.

56. The allegations in paragraph 56 (incorrectly identified as paragraph 51 of Plaintiffs' Complaint) purport to characterize NEPA and its implementing regulations. NEPA and its implementing regulations speak for themselves and are the best evidence of their content. Any allegations contrary to NEPA's and its implementing regulations' plain language, meaning, or context are denied.

57. The allegations in paragraph 57 (incorrectly identified as paragraph 52 of Plaintiffs' Complaint) purport to characterize NEPA and its implementing regulations. NEPA and its implementing regulations speak for themselves and are the best evidence of their content. Any allegations contrary to NEPA's and its implementing regulations' plain language, meaning, or context are denied.

58. The allegations in paragraph 58 (incorrectly identified as paragraph 53 of Plaintiffs' Complaint) purport to characterize NEPA and its implementing regulations. The NEPA and its implementing regulations speak for themselves and are the best evidence of their content. Any allegations contrary to NEPA's and its implementing regulations' plain language, meaning, or context are denied.

59. The allegations in paragraph 59 (incorrectly identified as paragraph 54 of Plaintiffs' Complaint) state conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

60. The allegations in paragraph 60 (incorrectly identified as paragraph 55 of Plaintiffs' Complaint) purport to characterize the Administrative Procedure Act ("APA"). The APA speaks for itself and is the best evidence of its content. Any allegations contrary to the APA's plain language, meaning, or context are denied.

61. The allegations in paragraph 61 (incorrectly identified as paragraph 56 of Plaintiffs' Complaint) purport to characterize the APA. The APA speaks for itself and is the best evidence of its content. Any allegations contrary to the APA's plain language, meaning, or context are denied.

62. The allegations in paragraph 62 (incorrectly identified as paragraph 57 of Plaintiffs' Complaint) purports to characterize the APA. The APA speaks for itself and is the best evidence of its content. Any allegations contrary to the APA's plain language, meaning, or context are denied.

63. The allegations in paragraph 63 (incorrectly identified as paragraph 58 of Plaintiffs' Complaint) purports to characterize the APA. The APA speaks for itself and is the best evidence of its content. Any allegations contrary to the APA's plain language, meaning, or context are denied.

**CLAIM ONE**

64. Federal Defendants reassert and incorporate by reference the responses set forth in paragraphs 1-63

65. The allegations in paragraph 65 (incorrectly identified as paragraph 60 of Plaintiffs' Complaint) are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

66. Federal Defendants deny the allegations in paragraph 66 (incorrectly identified as paragraph 61 of Plaintiffs' Complaint).

67. Federal Defendants deny the allegations in paragraph 67 (incorrectly identified as paragraph 62 of Plaintiffs' Complaint).

68. Federal Defendants deny the allegations in paragraph 68 (incorrectly identified as paragraph 63 of Plaintiffs' Complaint).

**CLAIM TWO**

69. Federal Defendants reassert and incorporate by reference the responses set forth in paragraphs 1-68.

70. Federal Defendants deny the allegations in paragraph 70 (incorrectly identified as paragraph 65 of Plaintiffs' Complaint).

71. The allegations in paragraph 71 (incorrectly identified as paragraph 66 of Plaintiffs' Complaint) purport to characterize the MSA.  The MSA speaks for itself and is the best evidence of its content.  Any allegations contrary to the MSA's plain language, meaning, or context are denied.

72. Federal Defendants deny the allegations in paragraph 70 (incorrectly identified as paragraph 67 of Plaintiffs' Complaint).

73. Federal Defendants deny the allegations in paragraph 73 (incorrectly identified as

paragraph 68 of Plaintiffs' Complaint).

## CLAIM THREE

74. Federal Defendants reassert and incorporate by reference the responses set forth in paragraphs 1-73.

75. The allegations in paragraph 75 (incorrectly identified as paragraph 70 of Plaintiffs' Complaint) purport to characterize the MSA. The MSA speaks for itself and is the best evidence of its content, therefore no response is required. Any allegations contrary to the MSA's plain language, meaning, or context are denied.

76. Federal Defendants deny the allegations in paragraph 76 (incorrectly identified as paragraph 71 of Plaintiffs' Complaint).

77. Federal Defendants deny the allegations in paragraph 77 (incorrectly identified as paragraph 72 of Plaintiffs' Complaint).

## CLAIM FOUR

78. Federal Defendants reassert and incorporate by reference the responses set forth in paragraphs 1-77.

79. The allegations in paragraph 79 (incorrectly identified as paragraph 74 of Plaintiffs' Complaint) purports to characterize the MSA. The MSA speaks for itself and is the best evidence of its content, therefore no response is required. Any allegations contrary to the MSA's plain language, meaning, or context are denied.

80. The Federal Defendants admit the allegation in paragraph 80 (incorrectly identified as paragraph 75 of Plaintiffs' Complaint) that a ten-day comment period was provided for the EA. Federal Defendants deny the remaining allegations in paragraph 80.

81. Federal Defendants deny the allegations in paragraph 81 (incorrectly identified as paragraph 76 of Plaintiffs' Complaint).

## CLAIM FIVE

82. Federal Defendants reassert and incorporate by reference the responses set forth in paragraphs 1-81.

83. The allegations in paragraph 83 (incorrectly identified as paragraph 78 of Plaintiffs' Complaint) purport to characterize NEPA and its implementing regulations. NEPA and its implementing regulations speak for themselves and are the best evidence of their content. Any allegations contrary to NEPA's or its implementing regulations' plain language, meaning, or context are denied.

84. Federal Defendants deny the allegations in paragraph 84 (incorrectly identified as paragraph 79 of Plaintiffs' Complaint).

85. Federal Defendants deny the allegations in paragraph 85 (incorrectly identified as paragraph 80 of Plaintiffs' Complaint).

## CLAIM SIX

86. Federal Defendants reassert and incorporate by reference the responses set forth in paragraphs 1-85.

87. The allegations in paragraph 87 (incorrectly identified as paragraph 82 of Plaintiffs' Complaint) purport to characterize the APA. The APA speaks for itself and is the best evidence of its content. Any allegations contrary to the APA's plain language, meaning, or context are denied.

88. The allegations in paragraph 88 (incorrectly identified as paragraph 83 of Plaintiffs' Complaint) purport to characterize the APA. The APA speaks for itself and is the best evidence of its content. Any allegations contrary to the APA's plain language, meaning, or context are denied.

89. Federal Defendants deny the allegations of paragraph 89 (incorrectly identified as

paragraph 84 of Plaintiffs' Complaint).

90. Federal Defendants deny the allegations in paragraph 90 (incorrectly identified as paragraph 85 of Plaintiffs' Complaint).

## REQUEST FOR RELIEF

94. The remainder of Plaintiffs' Complaint consists of Plaintiffs' Relief Requested, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any of the relief requested, including subparagraphs A-D, or to any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny each and every allegation set forth in paragraphs 1 through 94 unless specifically admitted above.

## AFFIRMATIVE DEFENSES

1. The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2. Federal Defendants reserve the right to assert such affirmative defenses that may appear applicable during the course of this litigation.

3. Wherefore, Federal Defendants respectfully request that the Court dismiss the Complaint in its entirety.

Dated: October 3, 2011                      Respectfully Submitted,

FLORENCE T. NAKAKUNI 2286
United States Attorney
District of Hawaii

IGNACIA S. MORENO,
Assistant Attorney General
SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON,
Assistant Chief

/s/ Rickey D. Turner, Jr.
RICKEY D. TURNER, JR.

Trial Attorney, CO Bar 38353
BRIDGET KENNEDY McNEIL
Trial Attorney, CO Bar 34299
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, Suite 370 - South Terrace
Denver, CO 80202
Ph: (303) 844-1373
Email: rickey.turner@usdoj.gov

Attorneys for Federal Defendants

# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF HAWAII

| | |
|---|---|
| KAHEA and FOOD & WATER WATCH, INC.<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE; MICHAEL D. TOSATTO, in his official capacity as Regional Administrator of the National Marine Fisheries Service, Pacific Islands Regional Office; ERIC C. SCHWAAB, in his official capacity as Assistant Administrator of the National Marine Fisheries Service; and GARY LOCKE, in his official capacity as Secretary of Commerce,<br><br>Defendants. | CASE NO. 1:11-cv-474-SOM-KSC<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on October 3, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a true and correct copy of the foregoing document was sent via U.S. mail to the following:

David Lawton
GALLAGHER & GALLAGHER
1925 Century Park East, Suite 950
Los Angeles, CA 90067

                                                     */s/ Rickey D. Turner, Jr.*
                                                     RICKEY D. TURNER, JR.