# Exhibit A

**FILED**

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAHEA; FOOD & WATER WATCH, INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE; MICHAEL D. TOSATTO, Regional Administrator of the National Marine Fisheries Service, Pacific Islands Regional Office; SAMUEL D. RAUCH III, Assistant Administrator of the National Marine Fisheries Service; PENNY PRITZKER, Secretary of Commerce, <br><br> Defendants - Appellees. | No. 12-16445 <br><br> D.C. No. 1:11-cv-00474-SOM-KSC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted October 8, 2013
Honolulu, Hawaii

Before:    **KOZINSKI**, Chief Judge, **FISHER** and **WATFORD**, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

page 2

**1.** Food & Water Watch, Inc. (FWW) sufficiently alleged causation and redressability to demonstrate standing. FWW's members' concerns are causally connected to the special permit issued by National Marine Fisheries Service (NMFS), and would have been redressed if the permit had been denied. See San Luis & Delta-Mendota Water Auth. v. United States, 672 F.3d 676, 700 (9th Cir. 2012); Renee v. Duncan, 623 F.3d 787, 797–98 (9th Cir. 2010).

**2.** The special permit issued to Kona Blue wasn't de facto rule making. The special permit was expressly limited in scope, use and duration, and wasn't transferrable. The permit has now expired and wasn't "an agency statement of general or particular applicability" with "future effect designed to implement, interpret, or prescribe law or policy." 5 U.S.C. § 551(4).

**3.** Even if deference under the standard in Chevron isn't appropriate, NMFS's actions were lawful when reviewed using Skidmore deference. United States v. Mead Corp., 533 U.S. 218, 228 (2001). NMFS has the authority under the Magnuson-Stevens Fishery Conservation and Management Act to issue the fishing permit to Kona Blue. 16 U.S.C. §§ 1801(a)(6), (b)(1); 1853(b)(1). NMFS may review and issue special permits for proposals to fish "with any gear not normally permitted," and under NMFS's "generally conferred authority,"

page 3

"Congress would expect [NMFS] to be able to speak" to whether Kona Blue's requested activity was permitted. Mead, 533 U.S. at 229.

**4.** A claim is moot where there is no longer a "live" controversy such that there can't be any effective relief. Cantrell v. Long Beach, 241 F.3d 674, 678 (9th Cir. 2001). Although the National Environmental Policy Act claim is no longer a live controversy, the "capable of repetition yet evading review" exception to the mootness doctrine applies. Ctr. for Biological Diversity v. Lohn, 511 F.3d 960, 965 (9th Cir. 2007). The claim fits both criteria necessary to meet the exception: (1) A "reasonable expectation" exists that FWW will be subject to the same alleged injury due to Kona Blue's intended second permit application, and (2) the alleged injury is "inherently limited in duration" such that it will likely become moot before any subsequent federal litigation is completed. Id. (internal quotations omitted). This claim is remanded to the district court.

**AFFIRMED IN PART, REVERSED & REMANDED IN PART.**
**NO COSTS.**